IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 06-281 |
| | ) | |
| EDWARD SEMULKA, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 16th day of April, 2007, upon consideration of Defendant Edward Semulka's <u>pro</u> <u>se</u> "Motion to Withdraw Guilty Plea" (document No. 38) filed in the above captioned matter on March 23, 2007,

IT IS HEREBY ORDERED that said Motion is DENIED.

Defendant was charged in the Indictment in this case with five counts of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2. On November 9, 2006, Defendant pled guilty to all five counts. On March 8, 2007, this Court sentenced Defendant to 24 months' imprisonment and three years' supervised release at each of Counts One through Five, to run concurrently. The judgment in this case was filed on March 12, 2007, and amended on March 14, 2007.

On March 23, 2007, Defendant filed the present motion seeking to withdraw the plea of guilty entered in this case. While Federal Rule of Criminal Procedure 11(d) provides that a defendant may, under certain circumstances, withdraw a plea of guilty **prior** to

the imposition of sentence, Rule 11(e) provides: "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere."  Once the sentence has been imposed, "the plea may be set aside only on direct appeal or collateral attack."  See Fed. R. Crim. P. 11(e); United States v. Miles, 181 Fed. Appx. 352, 354 (4th Cir. 2006); United States v. Brown, 156 Fed. Appx. 209, 211 n.1 (11th Cir. 2005); United States v. Vasquez, 121 Fed. Appx. 17, 18 (5th Cir. 2004).

Accordingly, Defendant's motion is untimely under Rule 11.  He must attack his plea either on direct appeal or collaterally.  The Court notes that no appeal has been filed in this case.  Further, since Defendant's motion seems more appropriately construed as an untimely attempt under Rule 11 to withdraw his plea than as a collateral attack to his conviction, and since there is still a significant amount of time remaining in the limitation period for filing a motion under 28 U.S.C. § 2255, the Court will not construe this motion as a Section 2255 motion.

                                                  s/Alan N. Bloch
                                                  United States District Judge

ecf:     Counsel of record

cc:      Edward Semulka