IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
 )
    vs. ) Criminal No. 06-281
 ) See Civil Action No. 07-759
EDWARD SEMULKA, )
 )
    Defendant. )

O R D E R

AND NOW, this 2nd day of January, 2008, upon consideration of Defendant Edward Semulka's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 47) filed in the above captioned matter on June 5, 2007,

IT IS HEREBY ORDERED that said Motion is DENIED without prejudice.

Defendant's motion is premature. A Section 2255 petition can only be filed by a prisoner "in custody under sentence" once the Defendant's conviction and sentence are final. See 28 U.S.C. § 2255; Kapral v. United States, 166 F.3d 565, 569-71 (3d Cir. 1999). As the court in Kapral noted, "a collateral attack is generally inappropriate if the possibility of further direct review remains open: A district court should not entertain a habeas corpus petition while there is an appeal pending." 166 F.3d at 570. Accordingly, "in the absence of extraordinary circumstances, the orderly

1

administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." Id. at 572 (quoting United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980)). See also United States v. Zats, 2001 WL 1327619, at *2 (E.D. Pa. Oct. 26, 2001); Rule 5, Rules Governing § 2255 Proceedings, Advisory Committee Note.

This matter is currently on direct appellate review, and Defendant does not assert, much less prove, any extraordinary circumstances that would warrant consideration of his Section 2255 motion while the direct appeal is still pending. Therefore, Defendant's motion is denied without prejudice to his right to seek Section 2255 relief after his conviction and sentence become final.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record