IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 06-281 |
| | ) | |
| EDWARD SEMULKA, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 26th day of June, 2012, upon consideration of Petitioner's pro se letter filed with the Court in the above captioned matter on June 21, 2012 (Doc. No. 69),

IT IS HEREBY ORDERED that any action pursuant to 28 U.S.C. § 2255 which Petitioner purports to raise via said letter is DISMISSED for lack of jurisdiction.[1]

I.   Background

On November 9, 2006, Petitioner pled guilty to five counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. On March 8, 2007, this Court sentenced Petitioner to 24 months' imprisonment and three years' supervised release at each of

---

[1]   Although Petitioner has not actually filed a motion pursuant to Section 2255, his letter requests that he be permitted to seek relief pursuant to that statute. For purposes of clarity, the Court is therefore treating the letter as a petition seeking Section 2255 relief.

Counts One through Five, to run concurrently. The judgment in this case was filed on March 12, 2007, and amended on March 14, 2007. On March 23, 2007, Petitioner filed a pro se motion to withdraw his guilty plea, which the Court denied on April 16, 2007. (Doc. Nos. 38 and 41)

On June 5, 2007, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 47). On January 2, 2008, the Court denied that motion as premature because the matter was then on direct appellate review, and because Petitioner did not assert or prove any extraordinary circumstances that would warrant consideration of his Section 2255 motion while the direct appeal was still pending. Accordingly, the Court denied the motion without prejudice to his right to seek Section 2255 relief after his conviction and sentence became final. (Doc. No. 53).

On April 1, 2008, the Third Circuit Court of Appeals issued an order remanding the April 3, 2007 and May 3, 2007 notices of appeal filed by Petitioner with an instruction to treat them as motions for extension of time pursuant to Fed. R. App. P. 4(b)(4). (Doc. No. 54). This Court, on April 8, 2008, granted Petitioner an extension of time to file a notice of appeal no later than May 7, 2008. (Doc. No. 55). On May 9, 2008, Petitioner sought another extension, which the Court denied. (Doc. Nos. 56 and 57). On June 9, 2008, Petitioner

2

nonetheless filed a notice of appeal, stating that his request for an extension should be treated as the functional equivalent of a notice of appeal, and on June 13, 2008, the Third Circuit docketed the appeal. (Doc. Nos. 58 and 60).[2]

Petitioner was released from imprisonment on November 28, 2008, at which time his three-year term of supervised release commenced. On April 9, 2009, the Court, pursuant to Petitioner's waiver, modified the conditions of his supervised release in regard to restitution, but did not modify the length of the term itself. (Doc. No. 64). On August 25, 2011, the Third Circuit issued its mandate affirming Petitioner's conviction and sentence. (Doc. No. 68). In the opinion accompanying the mandate, the Third Circuit noted that Petitioner's term of supervised release was set to expire on November 27, 2011. His supervision did, indeed, end on that date.

On June 21, 2012, Petition filed with the Court a letter addressed to the United States Supreme Court in which he requests that the Section 2255 motion he previously filed in this case be considered and that he be given a reasonable opportunity to re-file an amended Section 2255 motion.

---

[2]     This appeal was subsequently dismissed in light of Petitioner's earlier appellate notices, and the Third Circuit proceeded under the earlier appeals.

## II. Discussion

Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of
> a court established by Act of Congress
> claiming the right to be released upon
> the ground that the sentence was imposed
> in violation of the Constitution or laws
> of the United States, or that the court
> was without jurisdiction to impose such
> sentence, or that the sentence was in
> excess of the maximum authorized by law,
> or is otherwise subject to collateral
> attack, may move the court which imposed
> the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. § 2255(a). As discussed above, although Petitioner filed a previous motion pursuant to Section 2255, the Court dismissed the motion. Although the dismissal was without prejudice to Petitioner's right to re-file after his direct appeal had been adjudicated, such adjudication did not "re-activate" the Section 2255 motion, and, therefore, this motion is not presently pending before the Court.

As to Petitioner's request to file a new or amended motion pursuant to Section 2255, the Court emphasizes that the statute applies to prisoners "in custody under sentence." Therefore, in order to bring an action under Section 2255, a defendant must be in custody. See United States v. Woods, 986 F.2d 669, 676 (3d Cir. 1993); DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005). A defendant is "in custody" while incarcerated or on supervised release. See United States v.

4

<u>Essig</u>, 10 F.3d 968, 970 n.3 (3d Cir. 1993); <u>Maleng v. Cook</u>, 490 U.S. 488, 490-93 (1989).[3] Here, Petitioner is clearly no longer incarcerated, and, as discussed above, his supervised release terminated in November of 2011. As such, Petitioner is not in custody as required under Section 2255, and the Court therefore lacks jurisdiction over any Section 2255 claims raised in Petitioner's letter, as well as any raised in any subsequent motions pursuant to that statute.

Accordingly, any claim Petitioner is seeking to raise pursuant to Section 2255 is dismissed for want of jurisdiction.[4] Further, because the Court lacks jurisdiction, to the extent that Petitioner's letter constitutes a Section 2255 petition, there exists no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial

---

[3]    Although <u>DeFoy</u> and <u>Maleng</u> dealt with habeas corpus petitions filed pursuant to 28 U.S.C. § 2254, the "in custody" requirements under Section 2254 are identical to those for federal prisoners under Section 2255. <u>See</u> <u>United States v. Washington</u>, 341 F.2d 277, 280 (3d Cir. 1965); <u>United States v. Marron</u>, Nos. Crim. A 93-90, Civ. A 95-2231, 1996 WL 677511, at *2 n.3 (E.D. Pa. Nov. 22, 1996).

[4]    It should be noted that this is not a case in which Petitioner's motion is moot because his term of imprisonment and/or supervised release ended *subsequent* to the filing of the motion and that, therefore, the collateral consequences doctrine has no application. <u>See</u> <u>United States v. Griffith</u>, No. Crim. 3CR040004, 2005 WL 2648340, at *4 (M.D. Pa. Oct. 17, 2005).

5

showing of the denial of a constitutional right." 28 U.S.C. §
2253(c)(2).

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

cc:     Edward Semulka
        503 Bellaire Avenue, Apt. 3
        Brookline, PA 15226