IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
vs. ) Criminal No. 06-281
) (Appeal No. 12-2885)
EDWARD SEMULKA, )
)
        Defendant. )

O R D E R

AND NOW, this 12th day of July, 2012, IT IS HEREBY ORDERED that the Official Court Electronic Document Filing System account of the defendant in the above-captioned matter, Edward Semulka, shall be terminated immediately.

On November 9, 2006, Defendant pled guilty to five counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. On March 8, 2007, this Court sentenced him to 24 months' imprisonment and three years' supervised release at each of Counts One through Five, to run concurrently. On August 25, 2011, the Third Circuit Court of Appeals issued its mandate affirming Defendant's conviction and sentence.

On June 21, 2012, Defendant filed a letter which the Court construed as an attempt to raise claims pursuant to 28 U.S.C. § 2255 (Doc. No. 69). On June 26, 2012, the Court issued an Order (Doc. No. 70) dismissing any such claims for lack of jurisdiction. The Court explained in the Order that Defendant's supervised release had

1

ended on November 27, 2011, and that he was no longer in custody under a federal sentence as required to file a motion pursuant to Section 2255. On July 2, 2012, he filed a Notice of Appeal (Doc. No. 71), appealing the Court's June 26 Order.

Since that time, Defendant has filed with this Court five "supplements" in less than a week's time (Doc. Nos. 72, 74, 75, 76, and 77). He has filed these via the United States District Court for the Western District of Pennsylvania's Official Court Electronic Document Filing System ("CM/ECF") by registering as a filing user, obtaining a CM/ECF account from the Clerk of Court for the Western District, and filing the documents through the CM/ECF system.[1] None of the supplements indicate what it is that they are supplementing, and none contain a completed signature block.[2] A review of the supplements demonstrates that they have no apparent relevance to any issues Defendant may have raised pursuant to Section 2255. Moreover, as explained above, the Court dismissed any such claims Defendant may have raised, and Defendant appealed this Order. As such, there is no action pending before this Court. Defendant has not indicated why he continues to file irrelevant materials with this Court when he has no matter pending here.

---

[1] The Clerk of Court has informed the Court that the Clerk's office permits pro se litigants to obtain ECF accounts when some condition prevents them from filing documents through the Clerk's office.

Accordingly, the Court finds that Defendant has abused his CM/ECF account and that, as such, his account should be terminated. The CM/ECF system is for Court business and not for frivolous/abusive conduct. The Clerk is hereby directed to take all steps necessary to terminate Defendant's account immediately. Any future filings from Defendant must be done through the Clerk's office in the traditional manner. The Court again emphasizes, however, that Defendant has no matters currently pending before this Court.

                                                s/Alan N. Bloch
                                                United States District Judge

ecf:      Counsel of record

cc:       Edward P. Semulka
           503 Bellaire Avenue, Apt. #3
           Brookline, PA   15226

---

[2] Indeed, only one of the five contains even an unexecuted signature block. The others contain nothing of the sort.